UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SMITH,
individually and on behalf
of all others similarly situated,

                                Case No.:

Plaintiff,

V

SAMSUNG ELECTRONICS
AMERICA, INC. and                     Class Action; Jury Trial Demanded
SAMSUNG ELECTRONICS CO., LTD.

Defendants.

___

_____/

## CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, asserts claims against

Defendants for:  (a) violations of consumer protection laws (Count I); (b) negligent and

intentional misrepresentation (Count II); breach of express warranty (Count III), and breach

of implied warranty (Count IV).

### I.     NATURE OF THE CLASS ACTION

1.     The Defendants (collectively, "Samsung") sell refrigerators that have defective

evaporator systems which fail to drain evaporator condensation which then freezes as a plug at

top of the drain, in turn blocking condensed water vapor from draining which then collects as a

pool of water inside the refrigerator and on the floor of the owner's kitchen ("Refrigerators").

While the Refrigerators appear to function properly when first purchased, in reality, they

contain a design defect to the evaporator system consisting of a defective evaporator drain clip

which Defendants have recently redesigned specifically for the purpose of overcoming the

flawed and defective evaporator drain clip included in the original evaporator system of the

Refrigerators sold to Plaintiff and thousands of others.  The evaporator drain clip is supposed to

connect to the area immediately above the top of a drain where condensed water vapor drains

from the evaporator system so that the water does not collect as a wet mess inside the

refrigerator and/or on the door. The clip is supposed to transmit heat to the top of the drain to prevent the drain from freezing and thereby failing to function as a drain due to blockage by ice. However, due to a design defect, the clip in Plaintiff's refrigerator and thousands of similar units was too short to reach to the top of the drain thereby failing to fulfill the intended function. Defendants were aware at the time Plaintiff and thousands of others purchased the Refrigerators and/or during the applicable written warranty time period of this defect in the evaporator system but failed to disclose its existence. Defendants have subsequently redesigned the evaporator drain clip so that it is the proper length to reach the top of the drain, but Defendants have failed to alert consumers and in fact fail to treat this inherent flaw as a warranty claim, resulting in Plaintiff and others having to absorb the cost of hundreds of dollars per person for replacing a non-functioning defective evaporator drain clip with the redesigned functioning version.

2.      Plaintiff brings this class action on behalf of consumers because Plaintiff purchased a Samsung Refrigerator that he never would have purchased (or for which he would have paid a substantially reduced price) had he known of the Refrigeration Defect.

## II.  JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).  The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and there is complete diversity of citizenship because Plaintiff and members of the proposed class are citizens of states other than New Jersey, which is the state of citizenship of Samsung Electronics America, Inc., and Samsung Electronics Co. LTD is a Korean company.

1.      This Court has personal jurisdiction over the parties because Defendants each conduct substantial business in Michigan, have had systematic and continuous contacts with Michigan, including that they sell, market, and warrant refrigerators within this District and have authorized retailers, agents and representatives that can be found in Michigan, including Samsung Electronics America, Inc. having a registered office in this district (The Corporation Company, 30600 Telegraph Rd., Ste. 2345, Bingham Farms, MI 48025).

4.      Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391

2

because a substantial part of the events giving rise to the claims occurred and emanated out of

this District including but not necessarily limited to the fact that Plaintiff resides in Wayne

County, Michigan in this District and a Refrigerator manufactured and distributed by

Defendants was delivered to Plaintiff in Wayne County, Michigan in this district. Venue is

proper in the Southern Division pursuant to Local Rule 83.10.

### III. Parties

#### A. Plaintiff

#### 1. Robert Smith

5. Plaintiff resides in Dearborn, Michigan.  On or about October 3, 2010 he purchased for

$1,577.14 a new Samsung Refrigerator (model number RF217ACRS/XA)[1] from a Sears store in

Wayne County, Michigan to be delivered to his house in Dearborn, Michigan.

6. At all times, Plaintiff followed the use and care instructions that were included with

his refrigerator.

7. Approximately 6-8 months after purchase, Plaintiff observed the problems created by

the defect, but did not understand or appreciate that his observation related to a defect—i.e., he saw

water pooling in and about the refrigerator, but since the unit appeared to otherwise be functioning

properly Plaintiff assumed this to be merely a spill which he had overlooked or a one time

aberration, and he cleaned it up.

8. A few months later Plaintiff again observed similar unexplained pooling of water in and

about the refrigerator, which he again cleaned up, again thinking that since the unit appeared to

otherwise be functioning properly this was merely a spill which he had overlooked or a one time

aberration.

9. A few months later Plaintiff again observed the same water pooling and contacted Sears

_____

[1] Samsung sells three types of refrigerators:  (1) "Side-by-Sides," all of which have two doors
with a freezer on one side and a refrigerator on the other, and all of which begin with the
designation "RS" in the model number; (2) "French Doors," all of which have a dual-door
refrigerator on top and a single door freezer on the bottom, and all of which begin with the
designation "RF" in the model number; and (3) "Bottom Freezers," all of which have a single
door refrigerator on top and a single door freezer on the bottom, and all of which begin with the
designation "RB" in the model number.

Home Service which sent a service technician to Plaintiff's home on August 9, 2012. The service technician informed Plaintiff:

- that the problem was attributable to a defectively designed evaporator system involving a small metal clip intended to transmit heat to the top of the evaporator condensation drain in order to prevent blockage of the drain by ice formation at the top of the drain;

- and that the clip was defectively designed so that it was too short to reach to the top of the drain;

- and that Samsung was aware of this problem;

- that the problem was widespread affecting many consumers;

- and that Samsung had a new redesigned clip specifically intended to address this issue—but that it would cost Plaintiff several hundred dollars to obtain this clip and have it installed;

- and that that this would not be covered under the 5 year warranty covering the evaporator system because Samsung deemed the clip not to be part of the evaporator system (even though Samsung expressly identifies the clip on its package label as part of the evaporator system: "Clip-Drain Evap Ref ", Part No: DA61-06796A);

- and that even though the failure had occurred within the one year general warranty it would not be covered because Plaintiff did not realize the pooling water was due to a defect and report it within one year.

10.     Having no choice, Plaintiff acquiesced to paying the demanded amount of $220.27 and the new clip was ordered, and then installed by Sears Home Service on August 29, 2012.

11.     Plaintiff contacted the undersigned counsel.  He brings this action not only out of self-interest, but also with the goal of helping consumers at large, as Samsung has concealed the Defect from the public at large and wrongly denies warranty coverage in order to avoid the cost of servicing to correct its own acknowledged design defect.

4

12. Plaintiff never would have purchased the refrigerator (or would have done so only at a reduced price) if Defendants had disclosed the existence of the Refrigeration Defect prior to his purchase. Indeed, at the time of purchase, Plaintiff relied on his reasonable understanding that Samsung Refrigerators did not have any defect that would cause the malfunction described above, and that Samsung would honor written warranties.

### B. Defendants.

### 1. Samsung Electronics America, Inc. ("SEA")

13. Defendant SEA is incorporated in New York, with its principal place of business in Ridgefield Park, New Jersey. It conducts business, including its refrigerator sale and distribution business, throughout the United States including this district in Michigan and has registered offices in Bingham Farms, Michigan in this district. SEA manufactures and/or distributes and/or designs and/or sells consumer appliances, including the defective Refrigerators that are the subject of this action.

### 2. Samsung Electronics Co., LTD ("SEC")

14. Defendant SEC is a corporation formed under the laws of the Republic of Korea, with its principal offices in Seoul, South Korea. SEC conducts substantial business operations from the SEA offices in the United States and participates with SEA in the manufacture, design, distribution and/or sale of consumer electronics products (including the subject Refrigerators) to consumers in Michigan and throughout the United States.

## IV. FACTUAL BACKGROUND

### A. Samsung's Reputation for Quality

15. Samsung is one of the world's leading manufacturers, designers, and marketers of refrigerators and other appliances.

16. On information and belief, Samsung has worked to earn a reputation for selling premium products, both through its marketing efforts and by manufacturing consistently high quality goods. Consequently, consumers are frequently willing to pay more for Samsung products than for the products offered by competitors, even when those products have similar

features. Consumers concomitantly have come to expect that Samsung-branded products will be of particularly high quality, durability, and reliability.

17.     Among Samsung's products are high-end refrigerators, including the Refrigerators that are the subject of this lawsuit, defined below.  The Refrigerators are sold through major retail stores such as Sears, Best Buy and Home Depot, usually for between $800 and $3000.  On information and belief, this is a premium price; i.e., consumers pay more for Samsung's Refrigerators than for similarly-equipped refrigerators offered by other manufacturers.

**B. The Defect**

18.     Refrigerators (and freezers) have five basic components that perform the task of refrigeration: a compressor, a condenser (this is typically a coiled set of pipes outside the cooled space), an expansion device, an evaporator (typically a coil of pipe inside or adjacent to the cooled space), and a refrigerant (a liquid that evaporates and condenses in the refrigerator to transfer heat from inside the cooled space to outside).

19.     Refrigerators keep food cold by turning the refrigerant from liquid to gas and back:

a.     This process can be thought of as beginning when the compressor compresses refrigerant gas, which increases the pressure and the temperature of the refrigerant.

b.     The condenser then removes the heat from the refrigerant, which causes the refrigerant vapor to condense to a liquid.

c.     The now-liquid refrigerant is then injected through the expansion device into the evaporator.

d.     The expansion device serves as a gateway between the condenser, which is a high-pressure environment, and the evaporator, which is a low-pressure environment. In the low-pressure environment of the evaporator, the refrigerant vaporizes immediately, absorbing heat from inside the refrigerator in the process.

6

To increase heat transfer, a fan typically circulates air over aluminum fins which are part of the evaporator.

20.     The last step in the above process, evaporation, takes place at a temperature far below the freezing point of water.  For this reason, moisture from the air that is attracted to the evaporator will freeze and can form frost and ice. If enough ice accumulates, the transfer of heat stops, preventing proper refrigeration. For this reason, most residential refrigerators use electric defrost heaters to prevent such accumulation.

21.     Samsung's Refrigerators operate on the above basic principles, and at the point in the process where defrosting prevents condensed water vapor from freezing in and about the evaporator system excess water droplets must drain away and at this point the defective evaporator clip was intended to transmit heat to the top of the drain to prevent ice accumulation but the defective evaporator clip is too short to reach to the top of the drain, thereby failing to prevent ice accumulation at the top of the evaporator drain causing blocked drainage, resulting in slow accumulation of water inside the unit, drop by drop over weeks and months, until observed by the consumer as an unexplained pool of water in and about the refrigerator.

### C. Samsung Warranty

22.     Samsung's Owners Manual provided with the refrigerators includes a written warranty (Ex. 1), promising that the product is free from defects and that problems manifesting within one year will be corrected free of charge. The written warranty states that it covers problems encountered during the applicable time period: "defects ***encountered*** during normal noncommercial use…"(emphasis added)(not encountered ***and*** reported). Regardless, the written warranty also promises that the time period is five years for defects relating to certain systems, specifically identifying the evaporator system as included in the five year coverage: "Compressor, evaporator, condenser, drier, connecting tubing".

### D. Samsung's Knowledge of Defect  and Fraudulent Conduct

23.     Samsung knew or should have known of the Defect before Plaintiff and class members purchased their Refrigerators, or at least before the warranties expired.

7

24. Plaintiff was informed by the Sears Home Service technician that Samsung

knew about the defect and that it was a common problem with the affected models of

Samsung refrigerators.

25.     Various consumer product complaint websites include numerous reports of

similar problems. E.g. a small sampling from hundreds of such complaints:

- "water in the vegetable bins";

- "water has been enough to flood my kitchen floor on multiple occasions.";

- "Water was streaming";

- "Water accumulated in the vegetable and fruit bins. … I searched online and found this to be a problem with many.";

- "evaporator tube freezing up and water running out of the refrigerator on to the hardwood floors."       (www.consumeraffairs.com).

26.     Absent full discovery, Plaintiff is unaware of, and unable through reasonable

investigation to obtain, the identities of those specific individuals at Samsung

responsible for failure to disclose the Refrigeration Defect.  Identity of the individual(s) at

Samsung who determine what is or is not communicated to consumers is non-public

information wholly within Samsung's control.  To this end, it is relevant that Samsung

provided consumers with a phone number (1-800-SAMSUNG) to contact Samsung with any

complaints.  It is thus Samsung's responsibility to monitor and collect information from

consumer in an organized and responsible manner.  Plaintiff alleges that consumers used this

method to contact Samsung, and this establishes at this preliminary stage that Samsung had

notice of the alleged defect, without having to providing name(s) of Samsung's agent(s) and/or

employees who answered the phone or the individual(s) at Samsung who determined how

those Samsung representatives would respond.

27.  Similarly, the breadth and timing of the deception is entirely within Samsung's

control, as only Samsung knows the exact reasons and timing for using a clearly defective

evaporator drain clip which mere visual inspection shows to be too short to properly function.

28. In accordance with Rule 9 of the Federal Rules of Civil Procedure, Plaintiff makes the following specific fraud allegations regarding Defendants' omissions with as much specificity as possible, absent access to the information available only to Samsung.

a. **Who:**  Samsung, and the particular individual or individuals at Samsung who determined pre- and post- sale to conceal from consumers material information regarding the too short evaporator drain clip in affected models of Samsung's Refrigerators.  Also, the particular individual or individual(s) at Samsung responsible for designing and manufacturing the subject refrigerators with defective evaporator systems where the operative part at issue (evaporator drain clip) was clearly and obviously too short to properly function.

b. **What:**  Samsung failed to disclose that the evaporator system of affected refrigerator models had an inherent defect including a non-functioning or impaired functioning evaporator drain clip, replaced by PART NO: 61-06796A, which would cause recurrent accumulations of water in and about the refrigerator; affirmatively misrepresented that the written warranty purported to cover problems arising from defects which are encountered during the warranty time period and failed to disclose that Samsung would enforce an unwritten added requirement for reporting to Samsung during the warranty time period; affirmatively misrepresented that there was a five year warranty for evaporator system defects and failed to disclose that Samsung would selectively exclude unnamed evaporator system parts such as the evaporator drain clip at issue :

c. **When:** Starting no later than 2010, and on an ongoing basis through the present as indicated by Plaintiff's experience as alleged above.

d.  **Where:** All pre- and post- sale communications referring or relating to the Refrigerators, including:  Samsung's website (http://www.samsung.com), Samsung's television advertising, Samsung's print advertising, Samsung's packaging, Samsung's press releases, and Samsung's user manuals.  Specifically, none of these communications disclosed the Refrigeration Defect and Samsung unduly restricted warranty interpretations at issue as alleged above.

e.  **How:** Consistent and uniform failure to disclose the Refrigeration Defect to potential or actual purchasers of the Refrigerators.

f.  **Why**: To induce the purchase and use of the Refrigerators at full price rather than purchasing competitors' refrigerators or paying Samsung less for the Refrigerators.

## V. TOLLING.

29.  Because the Defect is latent, and Samsung concealed it, Plaintiff and members of the class did not discover and could not have discovered the Defect through reasonable and diligent investigation. Reasonable and diligent investigation into the cause of unexplained seemingly random accumulation of water in and about affected refrigerators which otherwise appear to be properly functioning did not and could not more quickly reveal a factual basis for a warranty claim or a cause of action based on Samsung's concealment of the Refrigeration Defect.

30.  Any applicable statutes of limitation and/or warranty time limitations have been tolled by Samsung's knowing and active and ongoing concealment and denial of the facts as alleged herein.  Plaintiff and the Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.  Plaintiff and members of the Class could not reasonably have discovered the true, latently defective nature of the Refrigerators.

31.  Defendants' were and are under a continuing duty to disclose to the Plaintiff and the class the true character, quality, and nature of the Refrigerators.  Samsung knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Refrigerators,

and the concealment is ongoing. Plaintiff reasonably relied upon Samsung's knowing,

affirmative, and/or active and ongoing concealment. Based on the foregoing, Samsung is

estopped from relying on statues of limitation and/or warranty time limits in defense of this

action.

## VI. Class Action Allegations.

32. Plaintiff brings this action individually and for all other persons similarly situated,

pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

33. The "Proposed Class" is defined and proposed as:

> All persons residing in the United States who purchased
> Samsung refrigerator model RF217ACRS/XAA containing
> evaporator drain clip in an impaired functioning configuration
> replaced by Part No: DA61-06796A, and any other Samsung
> refrigerator model containing the same or similar evaporator
> drain clip configuration as model RF217ACRS/XAA.

34. The "Proposed State Subclass" is defined and proposed as all members of the

Proposed Class who reside in Michigan.

35. Excluded from the Proposed Class(es) are Samsung, and any entity in which Samsung

has a controlling interest; Samsung's legal representatives, officers, directors, employees, assigns,

and successors; the United States government and any agency or instrumentality thereof; the

judge to whom this case is assigned and any member of the judge's immediate family; and claims

for personal injury, wrongful death and/or emotional distress.

36. This action satisfies the numerosity, commonality, typicality, adequacy, predominance

and superiority requirements of Rule 23.

## A. Numerosity/ Impracticability of Joinder

37. The Proposed Class(es) are so numerous that the individual joinder of all its members,

in this or any action, is impracticable. The exact number or identification of the members of the

Proposed Class(es) is presently unknown to Plaintiffs, but it is believed to comprise thousands, if

not tens of thousands, of individuals and entities, thereby making joinder impractical.

38. The Proposed Class(es) are composed of an easily ascertainable, self-identifying set of

individuals and entities who purchased Samsung Refrigerators with a particular evaporator system

## B.    Commonality and Predominance

39.  There are common questions of law and fact that predominate over any questions affecting only individual members of the Proposed Class(es).  The answers to these common legal and factual questions will drive the resolution of this litigation.  Such questions include:

> a.    Whether the evaporator drain clip in the Refrigerators was defectively designed and/or manufactured;
>
> b.    When Samsung first became aware (or should have become aware) that its Refrigerators were defectively designed and/or manufactured;
>
> c.    Whether the existence of the Defect in the Refrigerators is a material fact reasonable purchasers would have considered in deciding whether to purchase a refrigerator;
>
> d.    Whether Samsung intended that consumers be misled;
>
> e.    Whether Samsung intended that consumers rely on its non-disclosure of the Refrigeration Defect;
>
> f.    Whether Samsung's concealment was likely to deceive the public.
>
> g.    Whether the Refrigerators are of merchantable quality;
>
> h.    Whether the Refrigerators pose a health and/or safety risk;
>
> i.    Whether consumers have suffered an ascertainable loss;
>
> j.    Whether Samsung's false and misleading statements of facts and concealment of material facts regarding the Defect in the Refrigerators and nature of warranty coverage were likely to deceive the public;
>
> k.    Whether Samsung should be enjoined from continuing to sell the Refrigerators without disclosing their true nature.

## C. Typicality.

40.  Plaintiff's claims are typical of the claims of members of the Proposed Class(es) because they purchased the same or similar Refrigerators and were exposed to the same uniform

41. The factual bases of Samsung's misconduct are common to the members of the Proposed Class(es) and represent a common thread of fraudulent misconduct, deceptive trade practices, and breach of warranty resulting in injury to all Proposed Class(es) members. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for himself and all other members of the Proposed Class(es).

**D. Adequacy.**

42. Plaintiff is an adequate representative of the Proposed Class(es) because he is a member of the Proposed Class(es) and does not have interests that conflict with those of the Proposed Class(es) members he seeks to represent.

43. Plaintiff is represented by experienced and able counsel who has litigated numerous class action lawsuits, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the Proposed Class(es). Plaintiff and his counsel can fairly and adequately protect the interests of the members of the Proposed Class(es).

**E. Superiority.**

44. A class action is the best available method for the efficient adjudication of this litigation. It would be impracticable and undesirable for each member of the Proposed Class(es) who has suffered or may suffer harm to bring a separate action for these claims. In addition, the commencement of separate actions would put a substantial and unnecessary burden on the courts, while a single class action can determine the rights of all members of the Proposed Class(es) with judicial economy.

## VII. CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF MICHIGAN CONSUMER PROTECTION LAWS ("MCPA")(On Behalf of the Proposed Michigan Subclass)

45. The preceding paragraphs of this Complaint are incorporated by reference.

46. Defendants misrepresented and/or concealed material facts including, but not necessarily limited to: representing that the Refrigerators were free of defects when in fact

13

Defendants knew of the alleged defects to the evaporator system described above, and affirmatively misrepresenting and/or failing to disclose restrictive warranty terms as described in more detail in the allegations in previous paragraphs .

47. The Michigan Consumer Protection Act, MCLA 445.901, *et seq*, prohibits misrepresentation and/or concealment concerning material facts, and prohibits creation of confusion as to consumer legal rights and remedies, which prohibitions Defendants have breached and violated as described in previous paragraphs.

48. Plaintiff and members of the Class in purchasing their Refrigerators relied (or should be presumed to have relied) upon Defendants' misrepresentations and/or omissions. Plaintiff and members of the Class would not have purchased the Refrigerators (or would only have done so at a significantly reduced price) had they known the truth.

49. Information regarding the Refrigeration Defect was not known, and could not reasonably have been known, to Plaintiff and members of the Class.

50. Defendants' misrepresentations, concealments and/or failure to inform constitute unfair, unconscionable, or deceptive acts or practices within the meaning of the Michigan Consumer Protection Act, Mich. Stat. § 445.901 *et seq*. and the substantially similar consumer protection laws of all other states in which Defendants do business, directly and proximately causing damage to Plaintiff and members of the class.

51. While MCPA claims have been held to be analogous to fraud claims in terms of the type of damages recoverable, unlike Plaintiff's fraud allegations below, his cause of action under the MCPA does not include as a required element of proof an intent to deceive – i.e., regardless of whether Defendants actually knew of the defect at time of sale, Defendants had a duty to know and disclose this material information about a non-functioning defective component of the evaporator system likely to cause accumulations pools of water in expensive Refrigerators which Defendants affirmatively warranted and falsely represented as having no defects.

## COUNT II

### Brach of Express and Implied Warranty (Michigan and Nationwide)

## A. Express Warranty

53. As previously alleged, Defendants expressly warranted: that the Refrigerator was free of defects, and that problems which arise from defects would be cured free of charge to the consumer if the problem is encountered within the applicable warranty time period (one year for general problems, and five years for evaporator system problems which Plaintiff alleges is the defective system at issue herein).

54. Defendants have breached and violated their express written warranty by failing to cure the defects without charge, failing to accept Plaintiff's representation that the problem was encountered within one year and wrongly denying that the defective evaporator drain clip is part of the evaporator system protected by the five year warranty.

55. As previously alleged in greater detail, regardless of the fact that Plaintiff's claim satisfies Defendants' warranty time limits, the running of those time limits as to this latent defect was tolled due to fraudulent concealment by Defendants and inability of Plaintiff and members of the class reasonably to know about the defects.

## B. Implied Warranty

56. By placing the Refrigerators in the stream of commerce, Samsung impliedly warranted that the Refrigerators were of merchantable quality which would pass without objection in the trade, were fit for the ordinary purposes for which they were to be used, and conformed to the promises or affirmations of fact made on the container or label or as otherwise promoted, marketed and/or advertised.

57. Samsung breached the implied warranty of merchantability at the time of sale because the Refrigerators would not pass without objection in the trade, were not fit for the ordinary purposes for which they were to be used, and did not conform to the implied promises or affirmations of fact made on the container or label or as otherwise promoted, marketed, and/or advertised.

58. Defendants have breached the implied warranty of merchantability regarding the Refrigerators in violation of state implied warranty laws embodied in UCC section 2-314 adopted

59.  As a result of the breach of implied warranties, Plaintiff and the members of the Class have been directly and proximately damaged in the amount of the price paid for the Refrigerators, and/or such incidental and consequential damages suffered thereby, in an aggregate amount to be proven at trial.

60.  Had the Defect that existed at the time of sale been known, the Refrigerators could not have been sold, or could not have been sold at the same price.

61.  Within a reasonable time after he knew or should have known of such breach Plaintiff notified Sears Home Service, Defendants' authorized retailer who sold the Refrigerator to Plaintiff.  Samsung has also been put on notice by the Proposed Class as a whole by reason of its own knowledge of the Defect and, on information and belief, by warranty claims of Proposed Class members.

62.  Any express limitation or negation of Samsung's implied warranties that the Refrigerators were fit to perform their essential purpose, when such was not the case, would be unreasonable and unconscionable and, accordingly, is unenforceable.

63.  Limiting the duration of the implied warranty to the duration of the express warranty would be unconscionable because Samsung knew, or was reckless in not knowing, of the Refrigeration Defect, but did not disclose that Defect to Plaintiff or members of the Class.

## COUNT III

### FRAUDULENT CONCEALMENT / NONDISCLOSURE (Michigan and nationwide)

64.  The preceding paragraphs of this Complaint are incorporated by reference.

65.  Defendants knew or were reckless in not knowing at the time of sale that the Refrigerators contain a defective evaporator system, which defect (too short evaporator drain clip) makes the Refrigerators substantially certain to prematurely fail as alleged herein.

66.  Samsung knew, or was reckless in not knowing, prior to the time that manifestation of the Defect was observed by Plaintiff and class members, that the Refrigerators contain a defective evaporator system, which makes the Refrigerators substantially certain to prematurely fail as

67. Samsung fraudulently concealed from and/or intentionally failed to disclose to Plaintiff, the Proposed Class, and all others in the chain of distribution the true defective nature of the Refrigerators.

68. At the time of sale Samsung had knowledge of the Defect not reasonably available to Plaintiff or other consumers.  The Defect is latent and not something that Plaintiff or the Proposed Class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

69. Samsung had the capacity to, and did, deceive consumers into believing that they were purchasing refrigerators that could be used safely and practically to store and cool food without sustaining repeated accumulations of pools of water in or about the unit.

70. Samsung undertook active and ongoing steps to conceal the Defect because Samsung knew or should have known that it alone could alert consumers to the presence of the Defect, yet Samsung chose not to do so.

71. The facts concealed and/or not disclosed by Samsung to Plaintiff and the Proposed Class are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) a refrigerator.

72. If the facts concealed and/or not disclosed by Samsung to Plaintiff and the proposed class had been disclosed Plaintiff and members of the class would not have purchased their refrigerators or would only have purchased them for a reduced price.

73. Samsung had a duty to disclose the fact that the Refrigeration Defect existed at the time of sale because consumers would reasonably expect disclosure of the Defect.

74. Samsung had a duty to disclose the fact that the Refrigeration Defect existed after sale, but before the Defect manifested, because consumers would reasonably expect disclosure of the Defect.

75. Samsung intentionally concealed and/or failed to disclose the problems with the Refrigerators for the purpose of inducing Plaintiffs and the Proposed Class to act thereon.

76. Plaintiff and the class justifiably acted or relied upon the concealed and/or non-

disclosed facts to their detriment, as evidenced by their purchase of the Refrigerators and/or replacement parts for the Refrigerators.

77. As a direct and proximate cause of Samsung's misconduct, Plaintiff and the class members have suffered actual damages in that they bought and own Refrigerators that contain an inherent defect and that have prematurely failed or are substantially certain to prematurely fail, and they will incur or already have incurred costs to repair and/or replace the defective components or the Refrigerators as a whole.

78. Samsung's conduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

79. Samsung has acted with malice by engaging in conduct that was and is intended by Samsung to cause injury to the Plaintiff and the Proposed Class and which in fact has caused injury as previously described.

80. Samsung has committed fraud through its concealment of material facts known to Samsung with the intent to cause injury to the Plaintiffs and the Proposed Class and by affirmative misrepresentation regarding the Refrigerators being sold without defects and misrepresentations as to terms of warranty.

## COUNT IV

## INTENTIONAL AND NEGLIGENT MISREPRESENTATION (Michigan and nationwide)

81. The preceding paragraphs of this Complaint are incorporated by reference.

82. Defendants affirmatively represented that the Refrigerators were free of defects at the time of original purchase by Plaintiff and members of the class, and covered by a warranty for problems encountered during the warranty period (one year for general problems and five years for evaporator system problems).

83. Defendants misrepresented the foregoing facts, either intentionally or carelessly and negligently without reasonable regard for truth or falsehood, thereby

## COUNT V

## UNJUST ENRICHMENT

84.     Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

85.     Plaintiff and members of the Class conferred a benefit upon Defendants. Namely, Plaintiff and members of the Class paid money for ownership of the Refrigerators.

86.     Defendants retained that benefit.

87.     Defendants, however, retained that benefit under circumstances that make it inequitable for Defendants to retain it without paying the value thereof. Specifically, Defendants retained that benefit despite the fact that its Refrigerators were defective.

VI.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Proposed Class, prays for judgment against Defendants granting the following relief:

A.     An order certifying this case as a class action and appointing Plaintiff to represent the Class and Plaintiff's counsel as Class counsel;

B.     Restitution and disgorgement of all amounts obtained by Defendants as a result of misconduct, together with interest thereon from the date of payment, to the victims of such violations;

C.     All recoverable compensatory and other damages sustained by Plaintiff and the Proposed Class;

D.     Actual and/or statutory damages for injuries suffered by Plaintiff and the Proposed Class in the maximum amount permitted by applicable law;

E.     An order (1) requiring Defendants to immediately cease wrongful conduct as set forth above; (2) enjoining Defendants from continuing to conceal material information and conduct business via the unlawful, unfair and deceptive business acts and practices complained of herein; and (3) requiring Defendants to refund to Plaintiff and all members of the Proposed Class the funds expended and/or necessary to repair or replace the Refrigerators as appropriate;

F.     Statutory pre-judgment and post-judgment interest on the Class damages;

G.    Payment of reasonable attorneys' fees plus costs and expenses as allowable under applicable law; and

      H.    Such other relief as the Court may deem just and proper.

## VII.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all causes of action so triable.


Respectfully,

By: <u>/s/Mark S. Baumkel</u>
MARK S. BAUMKEL (P27613)
Mark S. Baumkel & Associates
Attorney for Plaintiff
30200 Telegraph Road, Suite 200
Bingham Farms, MI   48025
(248) 642-0444
markbaumkel@gmail.com


Dated: