UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SMITH, individually and on behalf of
all others similarly situated,

       Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG ELECTRONICS CO., LTD.,

       Defendants.
                                                  /

Case No. 12-15509

Honorable John Corbett O'Meara

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

This matter came before the court on Defendants' October 1, 2013 motion to dismiss the amended complaint. Plaintiff Robert Smith filed a response November 1, 2013; and Defendants filed a reply brief November 18, 2013. Oral argument was heard February 20, 2013.

**BACKGROUND FACTS**

Defendants Samsung Electronics America, Inc. and Samsung Electronics Company, Ltd. (referred to collectively as "Defendant" or "Samsung") manufacture various appliances and electronic equipment. Plaintiff Robert Smith purchased a Samsung refrigerator from a Sears store in the Detroit area October 3, 2010. After six to eight months, Plaintiff noticed water pooling in and around the refrigerator; and he cleaned up what he believed at the time to be a spill. A few months later he again observed unexplained pooling of water in and about the refrigerator and cleaned it up. After another few months, Plaintiff noticed the same pooling of water and finally contacted Sears. Sears sent a technician to Plaintiff's home August 9, 2012. The technician told Plaintiff that the problem was attributable to a defective, small, metal clip intended to transmit heat to the top of the

evaporator condensation drain in order to prevent blockage of the drain by ice formation on the top of the drain.  The technician said the clip was too short to reach the top of the drain and that the problem was widespread, affecting many consumers.  He also indicated that Samsung had a new, differently-configured version of the clip, but that it would cost Plaintiff several hundred dollars to obtain the new clip and have it installed.  Finally, the technician explained that the repair would not be covered by the five-year warranty covering the evaporator system because Samsung deemed the clip not to be part of the evaporator system.  Plaintiff paid Sears $220.27 for the repair to the refrigerator.

Plaintiff has filed this action as a potential class action suit on behalf of all other consumers who purchased Samsung refrigerators with the allegedly defective clip, seeking $5 million in damages.  His four-count complaint alleges violations of the Michigan Consumers Protection Act in Count I, breach of express warranty in Count II, breach of implied warranty in Count III, and violations of the Magnuson-Moss Warranty Act in Count IV.  Defendants have moved to dismiss the action because Plaintiff failed to notify Samsung of the alleged defect within one year of the purchase and because the clip is not covered under the five-year warranty, as it is not part of the "evaporator system."

## LAW AND ANALYSIS

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty.  Accordingly, the 'requirement[s]' imposed by an express warranty claim are not 'imposed under State law,' but rather imposed *by the warrantor.*" Cipollone v. Giggett Group, Inc., 505 U.S. 504, 525 (1992) (emphasis in original).

In this case the express, limited warranty issued by Samsung Electronics America ("SEA") covered "manufacturing defects in materials and workmanship encountered in normal, noncommercial use." Am. compl. Ex. 9 at 1. It further provided that "Samsung will repair or replace any part found to be defective, at our option and at no charge as stipulated herein, with new or reconditioned parts during the limited warranty period." Id. The limited period was "one (1) year Parts and Labor on Refrigerator" and "Five (5) years Parts and Labor on sealed Refrigeration system only.* (*Compressor, evaporator, condenser, drier, connecting tubing)." Id. Also, the warranty provided that "[t]o receive warranty service, the purchaser must contact Samsung for problem determination and service procedures." It included SEA's contact information. Id.

In this case Plaintiff failed to contact Samsung about the problem of pooling water. Instead, he contacted Sears; however, even then it was after the one-year, limited warranty expired. The defective clip, though, may be, as Plaintiff alleges, part of the "evaporator." If so, it would be covered under the five-year warranty covering the refrigeration system. Defendant Samsung argues that it is not part of the evaporator. At this early stage of the litigation, discovery is needed to determine whether the clip is covered by the five-year warranty. Ultimately, it may be found that it is a question of fact for the jury.

"Under implied warranty theory, a defect is established by proof that a product is not reasonably fit for its intended, anticipated or reasonably foreseeable use. Merchantable is not a synonym for perfect." Computer Network, Inc. v. AM Gen. Corp., 265 Mich. App. 309, 316-17 (2005). "The warranty of merchantability is that goods are of average quality in the industry." Id. at 317. Samsung argues that the refrigerator operated as intended–it kept food cool. Indeed, a limited warranty like the one provided by Samsung, which promises to repair defects reported within

3

the warranty period, "is a recognition of potential defects . . . in the seller's product and an allocation of risk associated with such defects." Neuser v. Carrier Corp., 2007 WL 484779 (W.D. Wis. Feb. 9, 2007). Samsung points out that Plaintiff's refrigerator has not required multiple repairs and has never been out of service. Samsung argues that Plaintiff, "like countless other purchasers of countless other consumer products[,] simply experienced the type of minor defect that is routinely repaired at the manufacturer's expense (if it is reported during the warrant period) or by the consumer (if it is reported outside the warranty period). Samsung further argues that "[i]f Plaintiff's allegations are sufficient to state a claim for breach of implied warranty, such a breach occurs every time a defect occurs that is subject to the express warranty's allocation of responsibility of repair costs. This cannot be the law." Defs' mot. br. at 14-15. Samsung presents a strong argument; however, the court will deny the motion to dismiss without prejudice, giving Samsung the opportunity to move for dismissal after discovery.

Plaintiff's claim under the Michigan Consumers Protection Act alleges that Samsung failed to disclose material facts regarding the evaporator clip problem, which Plaintiff claims Samsung was well aware of when it was manufacturing the refrigerators. At this point in the case, again without the benefit of discovery, dismissal of this claim would be premature.

Finally, the Magnuson-Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). In this case the court must wait to determine whether there has been a breach before determining whether dismissal is proper under the Act.

**ORDER**

It is hereby **ORDERED** that Defendants' October 1, 2013 motion to dismiss the amended complaint is **DENIED WITHOUT PREJUDICE.**


Date: August 22, 2014                          s/John Corbett O'Meara
                                               United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 22, 2014, using the ECF system.


                                               s/William Barkholz
                                               Case Manager